## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ELIJAH EL-HAJJ-BEY *et al.*,
     *Plaintiffs*,

   v.

WINDSOR FEDERAL SAVINGS AND
LOAN ASSOC. *et al.*,
     *Defendants*.

No. 3:20-cv-00898 (JAM)

## ORDER TO SHOW CAUSE WHY COMPLAINT
## SHOULD NOT BE DISMISSED PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

Plaintiffs have filed this *pro se* lawsuit against a bank, a bank officer, a lawyer, and a law

firm. Plaintiffs allege that the defendants have engaged in vexatious litigation, violations of their

rights to due process, and racketeering activity. Because it appears that there is no plausible merit

to plaintiffs' federal law claims and that two of the three plaintiffs may not maintain this action

unless they retain counsel to represent them, the Court issues this order to show cause to permit

plaintiffs to show why the complaint should not be dismissed.

### BACKGROUND

The three plaintiffs in this action are Elijah El-Hajj-Bey and two limited liability

companies—Reliable Mechanical Contractors LLC and RMC Properties LLC—for which El-

Hajj-Bey is the sole member. Doc. #1 at 2 (¶ 1). The four defendants are Windsor Federal

Savings and Loan Association, Anthony Roncaioli (Windsor's vice president), Deborah Dorio of

the law firm of Pease & Dorio P.C., and the law firm of Pease & Dorio P.C. *Id.* (¶¶ 2-5).

The complaint alleges that in 2005 Roncaioli approached El-Hajj-Bey, and El-Hajj-Bey

shared his plans to expand his business. *Id.* (¶ 6). El-Hajj-Bey received a commitment letter from

the defendants in the amount of $443,070 to finance a property development in Bloomfield,

Connecticut. *Id.* at 2-3 (¶¶ 7-8).[1] But the defendants "did not provide funding for the project" because the property was next door to a property that was listed as contaminated. *Id.* at 3 (¶ 9). The complaint, however, goes on to confusingly allege that El-Hajj-Bey "closed on the loan with the Defendants utilizing his plans." *Ibid.* The defendants ended up sharing El-Hajj-Bey's plans with one of the bank's customers, *id.* (¶ 10), while also charging "substantial fees on funds it never released to El-Hajj-Bey." *Id.* (¶ 12).

El-Hajj-Bey told the defendants that they "should honor the contract or take the property back in lieu of deed." *Ibid.* But he never received a response and instead was sued "as a tactic to enter into a worthless contract." *Id.* (¶ 13).

The complaint alleges several counts. Count One alleges a claim for vexatious litigation under state law. *Id.* (¶ 14). It cites a lawsuit filed by the bank more than ten years ago in 2009: *Windsor Federal Savings and Loan v. Reliable Mechanical Contractors*, HHD CV 09 5034526. *Ibid.* The complaint states that this lawsuit was filed without probable cause and that "[w]hen El-Hajj-Bey refused the demands the Defendants delayed the lawsuit for nine years and six months damaging and destroying El-Hajj-Bey assets." *Ibid.*[2]

Counts Two through Six allege violations of 42 U.S.C. § 1983 on the basis of defendants' multiple filings of prejudgment remedies "without probable cause or due process." *Id.* (¶¶ 15-19). These counts do not allege the date when any wrongful acts occurred.

Counts Seven through Sixteen allege violations of the federal Racketeer Influenced and Corrupt Organizations ("RICO") Act. *Id.* at 4-6 (¶¶ 20-29). Two of these RICO counts are based

---

[1] Attached to the complaint are two letters to El-Hajj-Bey from Roncaoli on behalf of Windsor Federal Savings and Loan Association in April and May 2005 advising of loans approved for El-Hajj-Bey and Reliable Mechanical Contractors, LLC for the purchase of land and construction in Bloomfield, Connecticut. Doc. #1 at 9-27.

[2] A search of Westlaw reveals decisions in the Connecticut state courts relating to this litigation. *See Windsor Fed. Sav. & Loan Ass'n v. Reliable Mech. Contractors, LLC*, 175 Conn. App. 651 (2017); *Windsor Fed. Sav. & Loan Ass'n v. Reliable Mech. Contractors, LLC*, 2019 WL 1313255, at *5 (Conn. Super. Ct. 2019).

on the defendants' alleged forgery of a mortgage in December 2008. *Id.* at 4-5 (¶¶ 20-21). Another RICO count alleges that the defendants "entered into a fraudulent contract on August 18 2005, with the Plaintiffs charging exorbitant fees without fulfilling the terms of the contract." *Id.* at 5 (¶ 24). The remaining RICO counts allege a variety of acts including that defendants provided an "outdated environmental report" and "bogus site plans," *id.* (¶¶ 22-23), that defendants made several reports to credit reporting agencies that they had "advanced" funds for land for which plaintiffs "had no ownership," *id.* at 4-5 (¶¶ 25-27), and that defendants "altered a court order" that was served on the New Haven Housing Authority to seize assets belonging to plaintiffs and to attach a contract, *id.* at 5 (¶¶ 28-29). None of these latter RICO counts allege the date when any of these wrongful acts occurred.

The complaint provides very little factual detail about any of the alleged wrongdoing by the defendants and generally lumps all the defendants together as one without explaining what each individual did wrong. Plaintiffs seek money damages of no less than $67 million as well as other relief. *Id.* at 7.

### DISCUSSION

This Court has authority to review and dismiss a complaint if it is "frivolous or malicious," or if it otherwise "fails to state a claim on which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B). A complaint may be dismissed pursuant to section 1915(e)(2)(B) not only if it manifestly fails to state a valid claim for relief but also if it indisputably alleges a cause of action that is time-barred by the statute of limitations. *See Pino v. Ryan*, 49 F.3d 51, 53–54 (2d Cir. 1995).

If the plaintiff is a *pro se* litigant, the Court must afford the complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See, e.g.*, *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013). Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish at least plausible grounds for a grant of relief. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

In the ordinary course, the Court will not dismiss a complaint *sua sponte* without affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639-40 (2d Cir. 2007). The purpose of this ruling is to state the Court's concerns so that plaintiffs may respond.

### Capacity of limited liability companies to proceed

Two of the three plaintiffs in this action are limited liability companies. A limited liability company may not proceed *pro se* in federal court; instead, it must be represented by a licensed attorney. *See Lattanzio v. COMTA*, 481 F.3d 137, 139-40 (2d Cir. 2007). Unless an attorney enters a notice of appearance for the two limited liability companies, the Court intends to dismiss the limited liability companies as parties in this action.

### Section 1983 claims

Plaintiffs' claims under 42 U.S.C. § 1983 appear deficient for two reasons. First, a plaintiff may not maintain an action against a private party under section 1983 for violating federal constitutional rights unless the plaintiff shows that the private party's challenged conduct amounted to state or governmental action. *See Meadows v. United Services, Inc.*, -- F.3d --, 2020 WL 3477616, at *2 (2d Cir. 2020). Here, the complaint names only private party defendants and

does not allege that they engaged in any state action. *See id.* at *3 (affirming district court's *sua sponte* dismissal as frivolous *pro se* plaintiff's section 1983 claim against private parties).

Second, a claim under section 1983 is subject to a three-year statute of limitations. *See, e.g., Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d. Cir. 1994). Here, the complaint alleges events relating to financial transactions that took place 15 years ago, and it does not allege any specific acts that have occurred within the last three years prior to the filing of this complaint. Nor does the complaint allege any grounds to toll the statute of limitations. *See, e.g.*, *Pino*, 49 F.3d at 54 (noting that *sua sponte* dismissal "based on the statute of limitations is especially appropriate where, as in this case, the injuries complained of occurred more than five years before the filing of the complaint-well outside the applicable three-year limitations period, there are no applicable tolling provisions as a matter of law, and plaintiff has alleged no facts indicating a continuous or ongoing violation of his constitutional rights") (citation omitted). Accordingly, it appears that the section 1983 counts are subject to dismissal for failure to allege facts showing state action and for failure to allege acts that occurred within the statute of limitations.

### RICO claims

Plaintiffs' RICO claims appear deficient for two reasons. First, plaintiffs fail to allege facts showing each of the requisite elements for a RICO claim. The RICO statute makes it "unlawful for any person employed by or associated with any enterprise ... to conduct or participate in the conduct of such enterprise's affairs through a pattern of racketeering activity. In order to state a claim under section 1962(c), "a plaintiff must allege (1) conduct, (2) of an enterprise, (3) through a pattern (4) of racketeering activity, as well as injury to business or property as a result of the RICO violation." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 119 (2d Cir. 2013). Similarly, to establish a RICO conspiracy in violation of

section 1962(d), a plaintiff must show that the defendant agreed with at least one other entity to commit a substantive RICO offense. *See Crawford v. Franklin Credit Mgmt. Corp*., 758 F.3d 473, 487 (2d Cir. 2014)

Plaintiffs' skeletal allegations do not allege facts to show the existence of an enterprise that engaged in a pattern of racketeering that caused injury to plaintiffs. A "pattern of racketeering activity" must consist of at least two acts of racketeering activity, which consists of a number of criminal offenses, and "in order to provide such a pattern, a civil RICO plaintiff also must show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." *Ibid.* (internal quotation marks omitted). Nor does the complaint allege facts showing an agreement between the defendants to engage in a pattern of racketeering activity, as is required to state a RICO conspiracy claim. In addition, plaintiffs' allegations of fraud must also satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *see also Lundy*, 711 F.3d at 119.

Second, a civil RICO action is subject to a four-year statute of limitations, which "begins to run when the plaintiff discovers or should have discovered the RICO injury." *In re Trilegiant Corp., Inc*., 11 F. Supp. 3d 82, 104 (D. Conn. 2014), *aff'd sub nom. Williams v. Affinion Grp., LLC*, 889 F.3d 116 (2d Cir. 2018). Three of the complaint's RICO counts allege conduct that occurred in either 2005 or 2008, many years outside the limitations period. The remaining RICO counts fail to allege any dates at all. Because the dispute in this case stems from transactions that occurred in 2005, it appears highly implausible that any RICO predicate acts occurred within four years of the filing of this lawsuit in 2020. Accordingly, it appears that the RICO counts are

subject to dismissal. Accordingly, it appears that the RICO claims are subject to dismissal for failure to allege facts showing a RICO violation and for failure to allege acts that occurred within the statute of limitations.

### *Vexatious litigation*

The claim for vexatious litigation arises under state law. Because the parties are all alleged to reside in Connecticut, it appears that there is no basis for federal diversity jurisdiction over this state law claim. *See* 28 U.S.C. § 1332 (requiring that all of plaintiffs be citizens of a different State than all of the defendants). If I were to dismiss plaintiffs' federal law claims under 42 U.S.C. § 1983 and under RICO, then I would decline to exercise supplemental jurisdiction over any state law claims. *See Lundy*, 711 F.3d at 117-18. Accordingly, it appears that plaintiffs' vexatious litigation claim is subject to dismissal for lack of independent federal jurisdiction.

### CONCLUSION

For the reasons stated above, it appears that the complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B). Moreover, it appears that two of the three defendants in this action may not proceed because they are not represented by counsel. If plaintiffs have grounds to show why the complaint should not be dismissed, they may file a response to this order to show cause by **July 21, 2020**.

It is so ordered.

Dated at New Haven this 7th day of July 2020.

/s/ *Jeffrey Alker Meyer*_____
Jeffrey Alker Meyer
United States District Judge